MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

AARON D. WEGNER  (CABN 243809)
Assistant United States Attorney

 450 Golden Gate Ave., Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-6831
 Fax: (415) 436-7234
 E-Mail: aaron.wegner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENYA BROWN,<br><br>　　　　Defendant | No. CR 4-11-70885-MAG<br><br><br><br>STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER |

The parties stipulate as follows:

1.     On August 4, 2011, defendant Kenya Brown was charged by criminal complaint

with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a).

2.     The discovery in this matter contains a search warrant affidavit that contains a

significant amount of sensitive information regarding an ongoing Internal Revenue Service

investigation into a criminal scheme that involved filing false tax returns by using stolen or

"borrowed" identities, and using those identities to file false tax returns.  Because the

investigation into these crimes is ongoing, the government is concerned that unfettered disclosure

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*

of the search warrant affidavit may lead to the defendant providing sensitive information to yet undicted co-conspirators in an attempt to obstruct the investigation.

3.     Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, the parties agree that unauthorized disclosure of the search warrant affidavit and information contained therein to nonlitigants is prohibited.  The parties agree that the search warrant affidavit will be provided to the defendant's attorney subject to the following conditions:

A.     Such materials provided by the United States may be utilized by the defendant's attorney solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

B.     The search warrant affidavit and its contents, and any notes or other record of such material or its contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendant's attorney or persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

C.     The search warrant affidavit shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter.

D.     Before any such disclosure to the defendant, defendant's counsel shall personally inform the defendant of the provisions of this order and direct her not to disclose any information contained in the government's discovery in violation of this order, and shall inform her that any unauthorized disclosure may be punished as contempt of court.  In addition, the defendant's attorney shall not provide the defendant with a copy of the search warrant affidavit, but may review the content of affidavit with her during meetings.

E.     The defendant's attorney shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance with this order.

1
2
3
4

        WHEREFORE, in the best interests of the administration of justice and because of the
importance of protecting the law enforcement sensitive information, it is requested that a
protective order as described above be entered in this case.

5   DATED: August 23, 2011                    Respectfully submitted,

6

7                                             MELINDA HAAG
                                              United States Attorney
8

9                                             _____/s/_____
                                              AARON D. WEGNER
10                                            Assistant United States Attorney

11

12                                            _____/s/_____
                                              JOHN PAUL REICHMUTH
13                                            Attorney for Ayani Davis

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*            -3-

1

2

3

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

5   UNITED STATES OF AMERICA,            )         No. CR 4-11-70885-MAG
                                         )
6          Plaintiff,                    )
                                         )
7      v.                                )
                                         )         ORDER
8   KENYA BROWN,                         )
                                         )
9          Defendants.                   )
                                         )
10  _____)

11

12        In accordance with the parties' stipulation, IT IS SO ORDERED.

13  DATED: August  23 , 2011

14                                       _____
                                         HON. LAUREL BEELER
15                                       United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*                -4-